**arUNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-23651-ALTMAN**

**LYON K. MAKAVER**,

*Plaintiff*,

*v.*

**JUDGE SCOTT**
**MARCUS BERNSTEIN**, *et al.*,

*Defendants.*
______________________________________/

**ORDER**

Our Plaintiff—proceeding *pro se*—moves for reassignment of this case under 28 U.S.C. §§ 137, 144, and 455[.]" Motion to Recuse (the "Motion") [ECF No. 35] at 2. The Plaintiff contends that "the objective appearance created by the court's District Judge R. K. Altman statements even though he was just assigned to this case on July l0, 2026, his mischaracterization of me, as the plaintiff's conduct and apparent misunderstanding of the procedural history without careful attention to detail collectively raises eyebrows of concern under the governing recusal standards requiring an impartial tribunal, federal and preservation of public confidence in the judiciary of any courts." *Ibid.* In support, the Plaintiff notes that we denied (and on reconsideration partially granted) his Motion for Extension of Time to Serve [ECF No. 27], and that this series of events somehow this failed "to preserve the appearance and reality of judicial impartially[.]" *Ibid.*; *see also ibid.* ("On July 22, 2026 Paperless Order appears to overlook significant portions of the procedural history, including Plaintiff's prior efforts to comply with service requirements and motions filed before authorization of service by the United States Marshals Service."); Paperless Order Denying Extension of Time [ECF No. 28] (denying the request for an extension because "the Plaintiff has had almost *a whole year* to serve the Defendants—far more than the 90 days he's entitled to" and noting that the Plaintiff "must comply with Judge

Sanchez's Order for Service by the US Marshal and 'complete a USM-285 form for each Defendant and file them, along with a copy of the corresponding summons issued and [Judge Sanchez's] Order with the Clerk's Office' **by July 23, 2026**." (quoting Judge Sanchez's Order for Service by Marshal [ECF No. 19] at 2)); Paperless Order Granting Reconsideration in Part [ECF No. 32] (granting "the Plaintiff additional time to comply with Judge Sanchez's Order for Service by Marshal"). The Plaintiff thus requests that we "[r]eassign this action to any highly qualified experience [sic] jurist like for example; Chief Judge Cecilia M. Altonaga[.]" Motion at 6; *see also id.* at 1 (stating that the Plaintiff "respectfully do[es] request for a qualified experienced jurist with appropriate availability and willingness to be and remain impartial, able to abide by the federal laws already established, a straight shooter who pays critical attention to details and facts only with professionalism & integrity; especially in a position of law, power & respect to ensure continued public confidence in the neutrality and fairness of these proceedings. e.g., Honorable Chief Judge Cecilia M. Altonaga, or, in the alternative. a highly qualified district judge above of the likes"). After careful review, we deny the Motion.

The Plaintiff moves for recusal under 28 U.S.C. §§ 137, 144, and 455. Section 137 concerns the "division of business among district judges[.]" § 137. Section 144 mandates that a district judge "shall proceed no further" when "a party . . . makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice" for or against any party. *Ibid.* "To warrant recusal under § 144, "the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Section 455, by contrast, requires recusal when a district judge's "impartiality might reasonably be questioned" or when the district judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Padgett*, 223 F.3d at 1333.

The essence of the Plaintiff's objection is that our rulings show that our "impartiality might reasonably be questioned," § 455, and that he would prefer Chief Judge Altonaga. But "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001); *see also In re Evergreen Sec, Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to adverse rulings are generally grounds for appeal, not recusal."); *Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir. 2004) (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))); *Bevan v. Durling*, 243 F. App'x 458, 461 (11th Cir. 2007) ("The Supreme Court has held that where a judge's challenged actions 'consisted of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses,' these actions were not sufficient to require a judge to recuse [himself] under § 455." (quoting *Liteky*, 510 U.S. at 556)).

Since we don't know the Plaintiff at all and entertain no thoughts about him—one way or the other—we **DENY** his Motion, which appears to be based only on his disagreement with the correctness and completeness of our judicial rulings.

**DONE AND ORDERED** in the Southern District of Florida on August 18, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Lyon K. Makaver, *pro se*