**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-23651-RKA**

**LYON K. MAKAVER**,

*Plaintiff*,

v.

**JUDGE SCOTT MARCUS BERNSTEIN**, *et al.*,

*Defendants*.
______________________________________/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Amended Class Action RICO Complaint (the "Amended Complaint"), [ECF No. 13]. The Honorable Roy K. Altman referred this matter to us for a report and recommendation on whether Plaintiff's Amended Complaint complies with Magistrate Judge Eduardo I. Sanchez's Order Requiring an Amended Complaint ("Order"), [ECF No. 9]. [ECF No. 44]. Because the Amended Complaint cures none of the critical deficiencies identified by Judge Sanchez, we respectfully recommend that the Amended Complaint be **DISMISSED without prejudice**.

### I. BACKGROUND

On August 13, 2025, Plaintiff filed his original complaint, styled "Class Action Complaint for Violation of Civil Rights, Human Rights, Racketeer Influenced and Corrupt Organizations Act, and Related Claims," ("Complaint"). [ECF No. 1]. The Complaint recited numerous incoherent and rambling grievances against sitting and retired judges, court employees, attorneys and related support staff, law enforcement officers, a pro bono legal services entity, an elementary school and related staff, and other professionals (collectively "Defendants"). *Id.* at 2–6. The Complaint alleged that these individuals banded together to threaten and intimidate him, garnish "100%" of his wages, and commit various other offenses such as kidnapping and false imprisonment. *Id.* at 9–14. Many of

Plaintiff's claims constituted improper attempts to relitigate or undermine state court decisions, and his requested relief sought to overturn state court orders. *Id.* at 9–15.

Because Plaintiff moved to proceed in forma pauperis, [ECF No. 3], Magistrate Judge Sanchez, to whom this matter was initially assigned, performed the required screening under section 1915. [ECF No. 9 at 1]. Judge Sanchez identified critical deficiencies in the Complaint, concluding that it failed to state a plausible claim upon which relief may be granted. *Id.* at 2. Specifically, he found that the Complaint: (1) was an impermissible shotgun pleading, *id.* at 2–4; (2) improperly challenged state court rulings, *id.* at 4–6; (3) named multiple defendants who were immune from suit, *id.* at 6–8; and (4) improperly attempted to bring a class action as a pro se litigant, *id.* at 8. Plaintiff was ordered to file an amended complaint that "cure[s] the deficiencies addressed in th[e O]rder" no later than March 2, 2026. *Id.*

Plaintiff's Amended Complaint failed to comply with Judge Sanchez's order. First, Plaintiff missed the court-imposed deadline, filing the amended pleading on March 3, 2026. [ECF No. 13].[1] Second, the Amended Complaint fixed none of the problems identified by the Order. [ECF No. 9 at 8]. Because the Amended Complaint remains fatally deficient, it should be dismissed.

[1] In the weeks thereafter, Plaintiff also filed two "appendices," [ECF No. 14], and a "Supplement," [ECF No. 16]. To the extent Plaintiff sought to bypass the March 2nd deadline by submitting a piecemeal complaint, the tactic fails. *Cohns v. Georgia*, No. CV 421-106, 2022 WL 22673083, at *6 (S.D. Ga. Feb. 4, 2022) ("[The] [p]laintiff may not amend his complaint in a piecemeal manner by submitting separate filings which purport to add or change only certain portions of a prior pleading."). Moreover, Local Rule 15.1 requires any amended pleading to "reproduce the entire pleading as amended." Even if we were to consider the late filings, the analysis here would not change, because the additional materials consist of disjointed sentence fragments and rambling passages that fall well short of Rule 8's pleading standards. *See, e.g.*, [ECF No. 14 at 3–6 (table-like arrangement correlating individual defendants with cryptic phrases like "ex parte tolerance," "laundering outcomes as 'consensual,'" and "indigency creation"), 12 (extended narrative regarding incident in store with no apparent connection to claims)].

## II. Analysis

### *A. Shotgun Pleading*

As Judge Sanchez explained, federal pleading standards require a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); [ECF No. 9 at 2]. The Order also explained the format of a Complaint, informing Plaintiff that he must present each of his claims "in a separate numbered paragraph, with each paragraph limited as far as practicable to a single set of circumstances." [ECF No. 9 at 2 (cleaned up)]. *See also* Fed. R. Civ. P. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). A pleading falls into one (or more) of four categories of shotgun pleadings if it:

> (1) Contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree*, 779 F. App'x at 662 (citing *Weiland*, 792 F.3d at 1320); [ECF No. 9 at 2]. The Order explained that Plaintiff's Complaint fit into multiple shotgun categories. The complaint fell into the second "shotgun" category because it simply listed various incidents "without any consideration of whether—or any explanation of how—such details are relevant to the claims." [ECF No. 9 at 3]. For similar reasons, the Complaint also fell into the third category, lacking separate counts or any explanation of the causes of action and relying on "boilerplate legal statements." *Id.* Last, the Complaint fell into the fourth category because it lumped together "dozens of accusations against various individuals," while making it "impossible for the Court to discern which allegations form the basis of Plaintiff's claims." *Id.* at 4.

The Amended Complaint remains a shotgun pleading of the second, third, and fourth variety. *See generally* [ECF No. 13]. As to the second category, the Amended Complaint is riddled with conclusory, vague, and immaterial facts not obviously connected to a particular cause of action. *See Embree*, 779 F. App'x at 662 (citing *Weiland*, 792 F.3d at 1320). For example, the Amended Complaint includes numerous sentence fragments that are difficult—if not impossible—to decipher. *See* [ECF No. 13 at 27 ("Institutional Ratification: school authority + law enforcement presence") ("facilitating deprivation by enforcing hearsay"), 28 ("Injunction: mandatory verification protocol; ban on ex parte reliance; law-enforcement [sic] use only upon criminal predicate")]. Some of Plaintiff's garbled, conclusory and vague allegations were previously flagged by Magistrate Judge Sanchez as improper. *Compare* [ECF No. 13 at 12–13 (allegations that Plaintiff's children were dismissed late from school)], *with* [ECF No. 1 at 10–11 (same)] *and* [ECF No. 9 at 3 (flagging same as improper)].

In failing to separate each cause of action into its own count, the Amended Complaint also fits squarely within the third category of shotgun pleadings. This failure, too, was something Judge Sanchez ordered Plaintiff to correct. [ECF No. 9 at 3–4]. In the Amended Complaint, Plaintiff has confused matters further by submitting what appear to be several sub-complaints rather than a single pleading. The pleading includes sections titled "Amended Class Action RICO Complaint," [ECF No. 13 at 4], "Amended Civil RICO & Constitutional Complaint," *id.* at 11, and, confusingly, "Amended Complaint," *id.* at 18. Each of these components have separate jurisdiction and party subsections. *Id.* at 5–6, 11, 18. In fact, the "Amended Civil RICO and Constitutional Complaint" section has *two* jurisdiction subsections. *Id.* at 11, 15. The "Amended Complaint" includes: "RICO Allegations," "Constitutional Claims" under 42 U.S.C. § 1983, unspecified "Federal Statutory Violations," and four separate state-law claims. *Id.* at 18–23. In those sub-complaints containing multiple counts, common factual allegations are typically not incorporated into the separate counts and Plaintiff's allegations remain conclusory. *See id.* at 9, 13–15, 20–22, 25–27, 34–35. And the

factual allegations themselves consist of *non sequiturs* that fail to set out a coherent narrative, let alone a narrative that could support a cause of action. *See*, *e.g.*, *id.* at 19 (referring to "incident with the scissors" without relating it to any cause of action), 20 (supplying irrelevant detail regarding an allegedly stolen hat), 26 (referring to "node-level execution of the enterprise's production-line model" without explaining either concept or how they relate to the claims). Nowhere in this jumble of sub-headers, bolded bullet-point clauses, sentence fragments, and pseudo-legal phrases does Plaintiff provide a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

Finally, as to the fourth shotgun category, Plaintiff's Amended Complaint fits the bill, continuing to assert multiple claims against multiple defendants without specifying which claims—or allegations, for that matter—apply to which defendants. *See*, *e.g.*, [ECF No. 13 at 13 ("Defendants systematically withheld dismissal of [Plaintiff's] two minor children until 4:05 p.m., without emergency"), 15 ("Defendants knowingly agreed to and facilitated the enterprise's unlawful objectives through action and inaction.")]. Although each sub-complaint lists several defendants, Plaintiff disregarded Judge Sanchez's instructions to identify "which causes of action apply to which Defendant" and "specif[y] the conduct underlying the grounds for naming each Defendant in the complaint" in a sufficient manner. [ECF No. 9 at 4]. Consequently, the Amended Complaint leaves defendants to "guess which of them did what in [Plaintiff's] eyes—which is the 'unifying characteristic' of all shotgun pleadings." *McDonough v. City of Homestead, Florida*, No. 22-12637, 2023 WL 3035215, at *2 (11th Cir. Apr. 21, 2023) (quoting *Weiland*, 792 F.3d at 1323).

*B. Rooker-Feldman*

The Order warned Plaintiff that *Rooker-Feldman*[2] bars re-litigation of state-court orders, and that many of his claims ran afoul of the doctrine. [ECF No. 9 at 4–6]. And yet, the Amended Complaint continues to raise claims that seek to undermine state court decisions.

The *Rooker-Feldman* doctrine bars a district court from exercising subject matter jurisdiction over claims where a "losing party in state court file[s] suit in federal court after the state proceeding ended, complaining of an injury caused by the state court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). Nor can the plaintiff avoid the doctrine by simply re-framing his claim as something other than a direct appeal of a state court decision. *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021); [ECF No. 9 at 5]. Courts apply *Rooker-Feldman* using a claim-by-claim approach. *Behr*, 8 F.4th at 1213. The "claim for relief does matter," and "claims that seek only damages for constitutional violations of third parties—not relief from the judgment of the state court—are permitted." *Id.* at 1214. That is not, however, the kind of relief Plaintiff seeks here. Rather, Plaintiff mounts a direct challenge to state court orders, which he refers to as "ultra vires." [ECF No. 13 at 9].

The "Amended Class Action RICO Complaint," asks for "declaratory relief *voiding* ultra vires orders." *Id.* (emphasis added). Along similar lines, the "Amended Civil RICO & Constitutional Complaint," seeks "compliance protocols for dismissal, access, notice, and hearings," which—as best we can discern—relate to Plaintiff's dissatisfaction with how his state cases were adjudicated. *Id.* at 16; *see also id.* at 12 (outlining grievances against two state court judges for unspecified orders).

[2] Named after the two cases that gave rise to the principle: *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Accordingly, these two sections[3] of the Amended Complaint fail to correct the abstention issues identified in Judge Sanchez's order.

*C. Immunity*

The original Complaint, the Order explained, included several defendants who were immune to suit. [ECF No. 9 at 6–8]. Judge Sanchez informed Plaintiff that state court judges enjoy absolute immunity for actions taken in their official capacity. *Id.* at 6–7 (citing *Bolin v. Story*, 225 F.3d 1239; *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020)). Plaintiff was also advised that judicial immunity extends to other persons whose official duties have an integral relationship with the judicial process, including, but not limited to, judicial assistants. *Id.* at 7 (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994); *In re Lickman*, 304 B.R. 897, 904 (Bankr. M.D. Fla. 2004); *Dirden v. Gentry*, No. 3:23CV4689/RH/ZCB, 2024 WL 479216, at *4 (N.D. Fla. Jan. 19, 2024), *report and recommendation adopted*, 2024 WL 476963 (N.D. Fla. Feb. 6, 2024)). Yet the Amended Complaint lists various state court judges and court staff as defendants. [ECF No. 13 at 2]. These defendants include individuals the Order specifically identified as immune to suit. *Compare* [ECF No. 9 at 8], *with* [ECF No. 13 at 2 (naming these same individuals as defendants)]. Thus, the Amended Complaint failed to comply with the Order's clear instructions regarding immunity.

*D. Class Action*

Judge Sanchez's Order could not have been clearer: a pro se plaintiff cannot bring a class action claim. [ECF No. 9 at 8] (citing *Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 636 (11th Cir. 2018); *Wesley v. U.S. Dist. Ct. for the S. Dist. of Fla.*, No. 09-23090-CIV, 2009 WL 3617814, at *1 (S.D.

[3] The "Amended Class Action RICO Complaint" does not reference individual "counts," rather, it includes a laundry list of "claims for relief," which merge for purposes of relief. [ECF No. 13 at 9]. The "Amended Civil RICO & Constitutional Complaint" fares no better. Although purportedly containing three "counts," the Amended Complaint fails to identify which factual allegations pertain to which count, or which counts justify which type of relief. [ECF No. 13 at 13–14].

Fla. Oct. 29, 2009)). Plaintiff, however, did not remove his class action claim despite continuing to represent himself. [ECF No. 13 at 1, 4, 6, 8].

*E. Amendment*

To summarize: the Amended Complaint fails to address any of the critical flaws highlighted by the Order and must be dismissed. The remaining question, then, is whether Plaintiff should be allowed a third bite at the apple. Because courts often generously extend pro se litigants multiple chances to amend, *Garnett v. Morshedian*, No. 22-CV-23543, 2023 WL 8644624, at *1 (S.D. Fla. Dec. 14, 2023) (dismissing with prejudice after *three* amendments to complaint), we recommend that Plaintiff be afforded such grace here. That said, this is the *second* time Plaintiff is informed of the minimum pleading standards—and how his efforts have fallen short. If the Court affords him another opportunity to amend, Plaintiff should take care not to squander it. Dismissal *with* prejudice is appropriate when a plaintiff "has already been provided th[e] opportunity [to cure a shotgun pleading] and has failed to cure the same deficiencies identified." *Pepe v. Villalobos*, No. 2:25-CV-00564-JLB-KCD, 2025 WL 2649804, at *2 (M.D. Fla. Sept. 16, 2025), *aff'd*, No. 25-13560, 2026 WL 1970528 (11th Cir. July 8, 2026) (affirming with-prejudice dismissal of an amended complaint that failed to rectify the problems outlined in a prior dismissal order). *Id.*

## III. Conclusion

In his Order, [ECF No. 9], Judge Sanchez concluded that Plaintiff's Complaint, [ECF No. 1], was fatally deficient in four respects: it was an impermissible shotgun pleading; at least some of its claims were barred by *Rooker-Feldman*; it named several defendants who are immune from suit; and it improperly set forth a pro se class action. [ECF No. 9]. The Amended Complaint corrects none of these deficiencies, presenting only fantastical and often indecipherable allegations. And so, because the Amended Complaint fails to comply with Judge Sanchez's Order, we respectfully recommend that it be **DISMISSED without prejudice**.

* * *

Within **14 days** from the date of this Report and Recommendation, the parties shall file written objections, if any, with the District Judge. Failure to file timely objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g.*, *Patton v. Rowell*, 678 F. App'x 898, 901 (11th Cir. 2017); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 768–69 (11th Cir. 2016).

**DONE AND RECOMMENDED** in the Southern District of Florida on August 26, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record
Lyon K. Makaver, pro se