**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-23651-RKA**

**LYON K. MAKAVER**,

*Plaintiff*,

v.

**JUDGE SCOTT MARCUS BERNSTEIN**, *et al.*,

*Defendants*.

______________________________________/

**ORDER**

Before the Court is Plaintiff Lyon K. Makaver's ("Plaintiff") Motion for Leave to Effect Alternative Service by Electronic Mail upon Retired, Former, or Otherwise Difficult-to-Locate[] Remaining Defendants [L]isted ("Motion"), [ECF No. 52].[1] For the reasons set forth below, we **DENY** the Motion.

*      *      *

On March 3, 2025, Plaintiff filed an Amended Complaint, alleging that Defendants engaged in a widespread conspiracy to violate his constitutional rights. [ECF No. 13]. Plaintiff sued dozens of defendants, including several sitting and retired judges, court employees, attorneys and related support staff, law enforcement officers, a pro bono legal services entity, an elementary school and related staff, and various other professionals (collectively "Defendants"). [ECF No. 13 at 1–4].

On April 22, 2026, Plaintiff filed a Motion for Service of Process by United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3) ("Process Motion"). [ECF No. 17]. The Honorable Eduardo I. Sanchez granted the Process Motion on July 6, 2026, ordering that Plaintiff complete and file a USM-285 form for each defendant by July 20, 2026. [ECF No. 19]. The day the

---

[1] The Honorable Roy K. Altman referred this matter to us for all pre-trial non-dispositive and discovery matters. [ECF No. 29].

forms were due, Plaintiff requested an additional 120 days to submit them. [ECF No. 27]. The Court denied this motion, observing that Plaintiff had waited nearly a year to serve the Defendants, and gave Plaintiff until July 23, 2026 to complete the required forms. [ECF No. 28]. Plaintiff moved for reconsideration, [ECF No. 31], which the Court granted in part, extending the service deadline until August 6, 2026, [ECF No. 32]. The Court warned Plaintiff that if he failed to comply, the case would be "dismiss[ed] without further notice for failure to comply with Rule 4(m), Judge Sanchez's Order for Service by Marshal, and [the Court's reconsideration order]." [ECF No. 32]. On August 4, the Clerk's Office identified defendants for which Plaintiff had failed to attach a summons, precluding service. [ECF No. 34]. Nothing filed after that notice suggests Plaintiff has corrected the deficiency. *See generally docket.*

On August 27, 2026, Plaintiff filed the Motion, asking that the Court allow him to "transmit the summons, operative complaint and all required service documents by electronic mail to retired, former, or otherwise difficult-to-locate defendants." [ECF No. 52 at 2]. He never says who those "difficult-to-locate defendants" are, however, nor does he explain what makes them difficult to locate. Plaintiff does not explain what steps he has taken to effect service, how those efforts have been thwarted, or why the electronic service is a reasonable alternative. In fact, aside from a conclusory assertion that the requested alternative service is "reasonably calculated to provide notice," Plaintiff offers no support for the requested relief. *Id.* at 3. Puzzlingly, Plaintiff claims he "is prepared to provide" identifying information for the defendants the Motion purportedly covers but never divulges any of this information. Nor does he say which of the forty-odd defendants in this suit he means to serve electronically. In other words, the Plaintiff seeks ill-defined relief for unsupported reasons and assures us he can fill in the gaps later. That will not do. For one thing, Plaintiff never specifies whether the defendants at issue are located inside the United States, and Rule 4 provides different considerations for serving defendants located abroad. *See* Fed. R. Civ. P. 4(e) &

(f). For another, service here has been through a United States marshal, and Plaintiff never addresses that marshal's efforts to effect process. For another, our local rules specify that every motion (save an enumerated few not implicated here) must "incorporate a memorandum of law citing supporting authorities." L.R. 7.1(a). In other words, a motion must, at the time it is filed, contain the necessary support for relief, rather than a general representation that such information may be supplied later.

Plaintiff also seeks the Court's advice regarding "the additional steps required to accomplish valid service." [ECF No. 52 at 7]. But we cannot provide legal advice to Plaintiff simply because he proceeds pro se. *See Marmol v. Mount Sinai Hosp.*, No. 17-21752-Civ, 2017 WL 7796112, at *1 (S.D. Fla. June 19, 2017) (noting courts cannot provide legal advice even to pro se litigants).

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion, [ECF No. 52], is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on September 4, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: Counsel of record
Lyon K. Makaver, pro se