**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-23651-ALTMAN/Hernandez**

**LYON K. MAKAVER**,

*Plaintiff*,

*v.*

**JUDGE SCOTT**
**MARCUS BERNSTEIN**, *et al.*,

*Defendants.*

_________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On August 13, 2025, the Plaintiff filed his original Complaint [ECF No. 1]. Because the Plaintiff moved to proceed *in forma pauperis* ("IFP"), *see* Motion to Proceed IFP [ECF No. 3], Magistrate Judge Sanchez, to whom this matter was initially assigned, performed the required screening under § 1915. *See* Sanchez Screening Order [ECF No. 9] at 1. Judge Sanchez identified critical deficiencies in the Complaint, including that the Complaint was "an impermissible shotgun pleading that warrants dismissal," *id.* at 4, that the Complaint "impermissibly seek[s] appellate review of state court rulings in state court custody proceedings" in violation of the *Rooker-Feldman* doctrine, *id.* 4–5, that the Plaintiff improperly sued multiple Defendants who "are entitled to judicial immunity," *id.* at 8, and that the "Plaintiff purports to bring this suit as a class action, [but] *pro se* litigants like [the] Plaintiff cannot represent a class," *ibid.* Judge Sanchez ordered the Plaintiff to file an amended complaint that "cure[s] the deficiencies addressed in this Order" by March 2, 2026. *Ibid.*

On March 3, 2026, the Plaintiff filed his Amended Complaint [ECF No. 13]. On July 9, 2026, the Plaintiff filed a Notice of Non-Consent to Magistrate Jurisdiction [ECF No. 23], and the case was randomly reassigned to Judge Ruiz of our Court. The next day, on July 10, 2026, Judge Ruiz recused, and this case was randomly reassigned to us. *See* Order of Recusal [ECF No. 26]. We referred the

Plaintiff's Amended Complaint to Magistrate Judge Yeney Hernandez to determine whether the Plaintiff had complied with the directives of the Sanchez Screening Order. On August 26, 2026, Magistrate Judge Hernandez issued a Report and Recommendation (the "R&R") [ECF No. 48], explaining that the "Plaintiff's Amended Complaint failed to comply with Judge Sanchez's order" because "the Amended Complaint fixed none of the problems identified by the [o]rder." R&R at 2 (citing Sanchez Screening Order at 8); *see also id.* at 8 ("The Amended Complaint corrects none of these deficiencies, presenting only fantastical and often indecipherable allegations."). "And so, because the Amended Complaint fails to comply with Judge Sanchez's Order," the R&R concluded, "we respectfully recommend that it be **DISMISSED without prejudice**." *Id.* at 8 (emphasis in original).

Under Local Magistrate Rule 4(b), parties have fourteen (14) days from the date of being served with a copy of a Report and Recommendation within which to file written objections with the relevant United States District Judge. *See also* FED. R. CIV. P. 72(b)(3). Here, the fourteen-day deadline for filing objections has passed, and no objection has been filed. *See generally* Docket. When a magistrate judge's Report and Recommendation has been properly objected to, district courts must review that disposition *de novo*. *See* FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 48] is **ACCEPTED and ADOPTED** in full.
2. This action is **DISMISSED without prejudice**.
3. The Clerk of Court is **DIRECTED** to **CLOSE** this case. All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on September 13, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record